IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| WOODBURCK NOE, #148475, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 2:12-CV-254-WHA |
| | ) | |
| LOUIS BOYD, et al., | ) | |
| | ) | |
| Respondents. | ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

**I. INTRODUCTION**

This case is pending before the court on a 28 U.S.C. § 2254 action for habeas corpus relief initiated by Woodburck Noe ["Noe"], a state inmate, on March 18, 2012. In this petition, Noe challenges a conviction for murder imposed upon him by the Circuit Court of Madison County, Alabama on September 24, 1987.

**II. DISCUSSION**

"[A]n application for a writ of habeas corpus ... made by a person in custody under the judgment and sentence of a State court of a State which contains two or more Federal judicial districts ... may be filed in the district court for the district wherein such person is in custody or in the district court for the district within which the State court was held which convicted and sentenced him and each of such district courts shall have concurrent jurisdiction to entertain the application. The district court for the district wherein such an

application is filed in the exercise of its discretion and in furtherance of justice may transfer the application to the other district court for hearing and determination."  28 U.S.C. § 2241(d); *see also* 28 U.S.C. § 1404(a)  ("[I]n the interest of justice, a district court may transfer any civil action to any other district ... where it might have been brought.").

Noe is presently incarcerated at the Draper Correctional Facility in Elmore, Alabama. This facility is located within the jurisdiction of this court.  However, in the instant habeas petition, Noe,  attacks the constitutionality of a 1987 murder conviction imposed upon him by the Circuit Court of Madison County, Alabama and requests that such conviction be reversed.  Madison County is located within the jurisdiction of the United States District Court for the Northern District of Alabama.  Thus, concurrent jurisdiction exists between this court and the United States District Court for the Northern District of Alabama.

Upon thorough review of the petition and in the furtherance of justice, the court concludes transfer of this case to the United States District Court for the Northern District of Alabama for review and disposition is appropriate.[1]

### III.  CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that this case

---

[1] In transferring this case, no determination is made with respect to the merits of the petitioner's claims for relief nor whether a federal district court has jurisdiction to consider the petition as such issues are best addressed by the United States District Court for the Northern District of Alabama.  *See Gilreath v. State Board of Pardons and Paroles*, 273 F.3d 932, 933 (11th Cir. 2001) (If petitioner files "second [or other  successive] habeas corpus petition and ... had no permission from [the Eleventh Circuit] to file [such] habeas petition, ... the district court lack[s] jurisdiction to grant the requested relief." *Gilreath v. State Board of Pardons and Paroles*, 273 F.3d 932, 933 (11th Cir. 2001).

be transferred to the United States District Court for the Northern District of Alabama.

It is further

ORDERED that **on or before June 6, 2012**, the parties may file objections to the Recommendation.  Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party is objecting.  Frivolous, conclusive or general objections will not be considered by the District Court.  The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982).  *See Stein v. Reynolds Securities, Inc*., 667 F.2d 33 (11th Cir. 1982).  *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done this 23rd day of May, 2012.

_____/s/Charles S. Coody_____
CHARLES S. COODY
UNITED STATES MAGISTRATE JUDGE